# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

MICHAEL BONANO,

                        Plaintiff,

       vs.                                       9:16-CV-844
                                                          (TJM/ATB)

DR. OLEG SHAPIRO, et al.,

                        Defendants.

---

MICHAEL BONANO, Plaintiff pro se
SHANNAN COLLIER KRASNOKUTSKI, Asst. Attorney General, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

    This matter has been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).  Presently before this court is the defendants' motion to dismiss for lack of prosecution and/or for sanctions pursuant to Fed. R. Civ. P. 37(d) & 41(b), which motion they later supplemented. (Dkt. Nos. 75, 95).  After receiving several extensions, plaintiff filed a response in opposition to the defense motion, and then supplemented his response several times.  (Dkt. Nos. 99, 104, 106, 109).  Plaintiff has also filed a motion for Rule 11 sanctions, which raised many of the same issues addressed in his responses to the defense motion to dismiss.  (Dkt. Nos. 100, 101).  Defendants have opposed plaintiff's motion for sanctions.  (Dkt. No. 103).[1]

    For the following reasons, this court recommends granting the defense motion to dismiss plaintiff's complaint because of his willful failure to obey the orders of this

---

[1] Some of parties' supplemental submissions relate both to the defense motion to dismiss also to plaintiff's motion for sanctions.

court, by refusing to submit to a deposition.  The court also recommends denying plaintiff's motion for sanctions.

## I.    **Procedural Background**

While this court was addressing the discovery and other non-dispositive issues in this action which culminated in the motions currently before me, there were many other matters pending before the District Judges assigned to the case.  To place the motions pending before this court in context, I will briefly outline other relevant aspects of procedural background of this case.

In July 2016, pro se plaintiff Michael Bonano commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  (Compl., Dkt. No. 1).  In a Decision and Order filed on September 16, 2016, Senior District Judge Norman A. Mordue, to whom this case was then assigned, reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  (Dkt. No. 8).  Judge Mordue dismissed most of plaintiff's claims, but directed defendants Dr. Oleg Shapiro ("Shapiro") and Dr. Timothy Byler ("Byler") to respond to plaintiff's Eighth Amendment claim that defendants intentionally failed to provide him with information regarding the possible side-effects of prostate surgery.  (*Id*. at 13-14, 23-24).  On January 11, 2017, defendants filed an Answer.  (Dkt. No. 23).

On December 19, 2016, plaintiff moved for reconsideration of the September 2016 Decision and Order, claiming that Judge Mordue misconstrued certain critical facts alleged by plaintiff.  (Dkt. No. 18).   Although Judge Mordue granted reconsideration in part, he concluded that the purported factual "errors" did not impact the analysis or holding of his September decision.  (1/23/2017 Decision and Order at 4,

12-13, Dkt. No. 26).  On February 6, 2017, plaintiff filed a motion for reconsideration of Judge Mordue's January 2017 decision.  (Dkt. No. 27).  After Judge McAvoy was reassigned as the District Judge on the case, he denied plaintiff's second motion for reconsideration.  (5/22/2107 Decision and Order, Dkt. No. 37).

In June 2017, plaintiff filed motions for reconsideration of Judge McAvoy's May 2017 decision, for appointment of counsel, and for an extension of time to complete discovery.  (Dkt. No. 39).  On August 14, 2017, plaintiff filed a motion for preliminary injunctive relief, requesting orders (a) prohibiting defense counsel from transporting him for a deposition because of his current medical condition; (b) prohibiting defense counsel from deposing him until he was released from prison or until the court assigned him pro bono counsel; (c) releasing him from prison; and (d) removing me as the assigned Magistrate Judge in this action.  (Dkt. Nos. 57, 64).  Defendants opposed these motions.  (Dkt. No. 63).

On September 15, 2017, this court conducted a recorded telephone conference to address an emergency defense motion to compel plaintiff to proceed with a deposition in which he refused to participate.  After hearing plaintiff's various objections, I ordered plaintiff to submit to the deposition or face likely sanctions, including possible dismissal of his action; denied plaintiff's motion to recuse me as the Magistrate Judge assigned to the case; and denied plaintiff's motion for the appointment of counsel, subject to any subsequent ruling from Judge McAvoy.  (Dkt. No. 66).  On September 29, 2017, having learned that plaintiff refused to submit to his deposition as ordered, this court granted defendants leave to file a motion for sanctions and/or to dismiss for failure to prosecute.  (*See* Dkt. Nos. 69, 70, 72).

In a Decision and Order filed on October 2, 2017, Judge McAvoy denied

plaintiff's motion for a preliminary injunction, finding, *inter alia*, that plaintiff was seeking this injunctive relief based on circumstances unrelated to the claims in plaintiff's action–*i.e*, alleged misconduct of defense counsel, the judges assigned to his case, and various other DOCCS personnel well after this action was filed. (Dkt. No. 73 at 5-6). Plaintiff's other pending motions for discovery, reconsideration, leave to file an appeal, and counsel were held in abeyance by Judge McAvoy, pending the resolution of the anticipated motion to dismiss. (*Id*. at 3). Defendants' motion for sanctions and to dismiss for failure to prosecute was filed on October 10, 2017, and is currently before this court. (Dkt. No. 75).

On October 16, 2017, plaintiff file a motion requesting that Judge McAvoy reconsider the following: (1) the decision to hold plaintiff's motion for counsel in abeyance pending receipt of defendants' dispositive motion; (2) the portion of the Order that denied plaintiff's motion to postpone his deposition; and (3) Judge McAvoy's refusal to order my recusal as the Magistrate Judge assigned to the case. (*See* Dkt. No. 77 at 1-6). In a Decision and Order filed on December 7, 2017, Judge McAvoy granted plaintiff's motion for reconsideration, only as it pertained to his motion for counsel. (Dkt. No. 97 at 4). Judge McAvoy went on to deny plaintiff's request for counsel, holding that the issues in dispute were not overly complex, that plaintiff had the ability to articulate his position and communicate with the court, and the case did not present "special reasons" for the appointment of counsel. (*Id*. at 4-5, citing *inter alia*, *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

On January 2, 2018, plaintiff filed a motion for reconsideration of the portion of the Judge McAvoy's December 2017 Order that related to plaintiff's motion for counsel. (Dkt. No. 107). Judge McAvoy denied plaintiff's latest motion for

4

reconsideration.  (Dkt. No. 110).

## II.    **Facts Relating to the Motions Currently Pending Before This Court**

On January 12, 2017, U.S. Magistrate Judge David E. Peebles, who was then the assigned Magistrate Judge in this case,[2] issued a Mandatory Pretrial Discovery Scheduling Order.  (Dkt. No. 24).  That Order set a deadline for completion of discovery by July 17, 2017, and also provided:

> The defendant(s) are granted leave to take the deposition of plaintiff(s) pursuant to Fed. R. Civ. P. 30(a)(2)(B). . . . The failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37.  Objections made in good faith in accordance with governing rules are not prohibited.

(*Id*. at 4, 5).

On June 7, 2017, defendants first served plaintiff with a Notice of Deposition, scheduling his deposition for June 29th.  (Krasnokutski Affirmation ¶ 11, Dkt. No. 75-1 & Ex. A, Dkt. No. 75-2).  On June 15, 2017, the Clerk received a letter, addressed to Judge McAvoy, dated June 11th, by which plaintiff requested, *inter alia*, that he not be required to submit to the scheduled deposition until "after my release (or at least well after June 29th)."  (Dkt. No. 39 at 2).  Plaintiff complained that the prior defense attorney in the case forwarded, to DOCCS security officials, plaintiff's January 9, 2017 letter to counsel, which stated, among other things:

> Until a couple of months ago, I was fantasizing about torturing and killing both [defendants] Shapiro and Byler!  I used to chant "I'm going to kill those mother fuckers!" every night for over 2 years!  . . .  But I'm going to still try to live a decent life."

---

[2] Judge Peebles recused himself from this case and I was reassigned as the Magistrate Judge on March 30, 2017.  (Dkt. No. 33).

(Dkt. No. 57-3 at 2).  Plaintiff stated that counsel's actions resulted in the filing of unwarranted disciplinary charges for threats and extortion against plaintiff by DOCCS. Plaintiff alleged that the disciplinary proceedings derailed his parole hearing, which purportedly would have resulted in plaintiff's release, and which would have facilitated his efforts to find an attorney to represent him in this action.  (Dkt. No. 39 at 1; *see also* Dkt. No. 30, 32, 34, 36).[3]  New defense counsel opposed plaintiff's request to adjourn his deposition, noting, *inter alia*, that it was by no means certain that plaintiff's release from prison would occur within a reasonable time.  (Dkt. No. 40).

On June 23, 2017, before the court had ruled on plaintiff's request, he refused to be transported to another facility in anticipation of his upcoming deposition. (Krasnokutski Affirmation ¶ 13 & Ex. B, Dkt. No. 75-3).  On June 26, 2017, I issued a Text Order extending the discovery deadline to August 21, 2017, which also stated:

> Defense counsel may re-notice plaintiff's deposition on or after 7/17/2017,[4] but before the extended discovery cutoff.  PLAINTIFF IS WARNED THAT HIS FAILURE OR REFUSAL TO TRAVEL TO, APPEAR FOR, AND/OR PARTICIPATE IN THE RESCHEDULED DEPOSITION MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING THE POSSIBLE DISMISSAL OF HIS ACTION.

(Dkt. No. 41).

---

[3] Plaintiff submitted earlier letters–on February 26th, March 27th, and May 3rd to Judge McAvoy (Dkt. Nos. 30, 32, 36) and on April 2nd to Magistrate Judge Peebles (Dkt. No. 34)–complaining of the alleged misconduct of the prior defense attorney and requesting a stay of discovery, including plaintiff's deposition, until after his release from prison.  This court construed this correspondence, in part, as a possible motion to supplement the complaint, to add the allegations against the prior defense attorney, and denied that motion.  (8/21/2017 Decision and Order, Dkt. No. 59).

[4] This court set the parameters for the rescheduling of plaintiff's deposition based on his representation that he faced a deadline of July 10, 2017 to perfect his direct appeal in an unrelated state criminal case.  (Dkt. No. 39 at 2).

6

Plaintiff filed further requests to adjourn his deposition, dated June 25th and 29th. He again argued that the alleged misconduct of the prior defense attorney justified further delay, but also noted that he had been the victim of an assault, resulting in broken ribs that would make it painful for him to travel to a deposition. (Dkt. Nos. 42, 44). On July 6, 2017, this court issued another text order stating:

> Plaintiff alleges that he suffered broken ribs as a result of a 6/21/2017 incident. Absent a documented medical restriction on plaintiff's ability to travel for a deposition on or after 7/17/2017, plaintiff's request that his deposition be conducted at Elmira, or for a further adjournment of the deposition, is DENIED. Defense counsel should consider [Dkt. No.] 44 plaintiff's request in deciding whether plaintiff's deposition would appropriately be noticed on a date closer to the 8/21/2017 discovery cutoff. PLAINTIFF IS AGAIN WARNED THAT HIS FAILURE OR REFUSAL TO TRAVEL TO, APPEAR FOR, AND/OR PARTICIPATE IN THE RESCHEDULED DEPOSITION MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING THE POSSIBLE DISMISSAL OF HIS ACTION.

(Dkt. No. 45).

Plaintiff submitted two more letters, dated July 9 and 11, 2017, repeating prior arguments as to why his deposition should be delayed–his need to focus on his direct appeal of a state conviction, the deadline for which was now September 5th; the prejudice to plaintiff from prior defense counsel's alleged misconduct, which Judge McAvoy and this court were improperly ignoring; the imminent prospect of a parole recission hearing that could result in plaintiff's release; and his continuing pain from broken ribs which precluded travel to a deposition. (Dkt. Nos. 47, 48). In response to these latest submissions, this court issued another text order on July 14, 2017, which stated, in pertinent part:

> To the extent plaintiff seeks further reconsideration of [Dkt. Nos.] 41[,] 45 my prior text orders regarding discovery issues, his motion is DENIED. The court

7

has already taken into consideration the arguments that plaintiff has made repeatedly in these and several prior submissions. To the extent plaintiff's letters relate to [Dkt. No.] 42 his letter motion seeking injunctive relief, they will be considered, in due course by Senior District Judge McAvoy. Plaintiff is advised that the Magistrate Judge assigned to a case in the Northern District of New York is delegated authority to address certain matters, including discovery issues, while the assigned District Judge addresses other matters, including requests for injunctive relief. Carrying out the assigned Magistrate Judge's responsibility to manage pretrial proceedings and discovery, I have ruled on plaintiff's motions regarding the scheduling of his deposition, knowing full-well that a motion for injunctive relief is pending before Judge McAvoy. To the extent District Judge McAvoy finds that plaintiff's motion for injunctive relief has merit and warrants a change in the schedule set by this Magistrate Judge, Judge McAvoy will rule accordingly. UNLESS AND UNTIL JUDGE MCAVOY RULES OTHERWISE, PLAINTIFF REMAINS OBLIGATED TO TRAVEL TO, APPEAR FOR, AND PARTICIPATE IN THE RESCHEDULED DEPOSITION, BETWEEN 7/21/2017 AND 8/21/2017 (AS DETERMINED BY DEFENSE COUNSEL), PURSUANT TO [DKT NO.] 45 MY 7/6/2017 TEXT ORDER . . . .

(Dkt. No. 49).

On July 14, 2017, defendants served plaintiff with a Second Notice of Deposition, scheduling his deposition for August 16, 2017. (Krasnokutski Affirmation ¶ 18 & Ex. C, Dkt. No. 75-4). On August 9, 2017, plaintiff filed a letter request, again seeking to postpone his deposition, claiming that he believed he was scheduled to appear before the parole board on August 15 or 16, 2017. (Dkt. No. 51). On the same day, this court issued a text Order, which stated:

To the extent defense counsel can confirm that plaintiff has a scheduled parole hearing at the Elmira Correctional Facility on 8/15/2017 or 8/16/2017 and can reasonably schedule or reschedule plaintiff's deposition to avoid a conflict between the parole hearing and plaintiff's deposition or travel related to the deposition, the court will extend the current discovery and motion deadlines accordingly. PLAINTIFF REMAINS OBLIGATED TO TRAVEL TO, APPEAR FOR, AND PARTICIPATE IN THE DEPOSITION AS NOTICED BY DEFENSE COUNSEL UNLESS NOTIFIED THAT DEFENSE COUNSEL HAS RESCHEDULED IT OR THAT DISTRICT JUDGE MCAVOY HAS

8

DIRECTED DEFENSE COUNSEL TO RESCHEDULE IT. PLAINTIFF IS AGAIN WARNED THAT HE WILL BE SUBJECT TO SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF HIS ACTION, IF HE REFUSES TO APPEAR FOR, AND PARTICIPATE IN THE DEPOSITION AS NOTICED BY DEFENSE COUNSEL.

(Dkt. No. 52).  A few hours later, on August 9, 2017, defense counsel filed a letter, advising that ORC Robert Collins at Elmira Correctional Facility confirmed that, as of that date, plaintiff still had unresolved Tier III disciplinary charges and would not be scheduled to appear before the August Parole Board at that facility.  (Dkt. No. 53).

On August 11, 2017, plaintiff refused to be transported for his deposition scheduled for August 16th. (Krasnokutski Affirmation ¶ 23 & Ex. D, Dkt. No. 75-5). Defense counsel filed a letter request, on the same day, seeking leave to file a motion to dismiss plaintiff's action because of his failure to follow this court's orders, and for failure to prosecute.  (Dkt. Nos. 54, 55).  On August 14, 2017, the Clerk of the Court received a letter from plaintiff dated August 6th which repeated several of his prior arguments for further postponing his deposition.  (Dkt. No. 56).  Plaintiff also stated that his repeated requests for appointment of counsel had not been addressed by Judge McAvoy, and that DOCCS personnel led him to believe that his parole hearing would go forward on August 15th or 16th because his disciplinary proceedings had been completed, except for service of a written disposition.  (*Id*. at 1-2, 4).

On August 16, 2017, the Clerk received another letter from plaintiff dated August 11th explaining why he refused to be transported for his deposition.  (Dkt. No. 58).  Plaintiff expanded on his prior arguments for postponing the deposition, including his right to have pro bono counsel, and the reasons he expected to have a parole hearing

on August 15ᵗʰ or 16ᵗʰ. (*Id*.)[5] Plaintiff also represented to the court that he was not

served with this court's August 9ᵗʰ text order until after he refused transportation. (*Id*.

at 1). On August 22, 2017, I issued a Text Order, which stated in pertinent part:

> It appears that [Dkt. No.] 52 this court's 8/9/2017 text order regarding plaintiff's
> letter request to further postpone his deposition because of a conflict with a
> possible parole hearing was not served on plaintiff until after he declined to be
> transported for his deposition. While the plaintiff has exhibited a pattern of
> obstructing defense counsel's legitimate efforts to proceed with his deposition
> pursuant to the court's prior text orders, the fact that plaintiff did not receive the
> court's most recent order before declining to travel to the deposition casts doubt
> on the viability of a motion to dismiss for failure to prosecute. Accordingly, the
> court DENIES [Dkt. No.] 54 defendants' request seeking leave to file such a
> motion to dismiss at this time. Defense counsel is directed to re-notice plaintiff's
> deposition one more time, between 9/1/2017 and 9/29/2017. The court has
> considered the many and varied reasons that plaintiff has previously raised to try
> to further delay his deposition or require that defense counsel conduct the
> deposition by video, and will not entertain any further motions seeking relief
> with respect to his deposition. UNLESS AND UNTIL JUDGE MCAVOY
> RULES OTHERWISE, PLAINTIFF REMAINS OBLIGATED TO TRAVEL
> TO, APPEAR FOR, AND PARTICIPATE IN THE RESCHEDULED
> DEPOSITION, BETWEEN 9/1/2017 AND 9/29/2017 (AS DETERMINED BY
> DEFENSE COUNSEL), AND IS AGAIN WARNED THAT HE WILL BE
> SUBJECT TO SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF HIS
> ACTION, IF HE FAILS TO DO SO. To the extent that plaintiff has moved that I
> recuse myself as the Magistrate Judge assigned to the case, that motion is denied
> because plaintiff has stated no reason for recusal other than his disagreement
> with the court's rulings.

(Dkt. No. 60).

On August 28, 2017, Defendants served plaintiff with a Third Notice of

---

[5] Plaintiff submitted what he represented was the written disposition (dated 8/9/17) with
respect to his last pending disciplinary matter, which would purportedly have removed any
obstacle to plaintiff's appearance before the Parole Board on August 15 or 16. (*Id*. at 5).
Nonetheless, plaintiff did not ultimately have an appearance before the Parole Board in August.
During the plaintiff's aborted deposition on September 15, 2017, he stated, "I still haven't had
my parole rescission hearing." (Krasnokutski Affirmation, Ex. F at 31, Dkt. No. 75-7).

Deposition, scheduling plaintiff's deposition for September 15th. (Krasnokutski Affirmation ¶ 25 & Ex. E, Dkt. No. 75-6). Plaintiff was transported to Great Meadow Correctional Facility for his September 15th deposition, in the presence of a court reporter who produced a transcript of the proceeding. (Krasnokutski Affirmation ¶¶ 26-27 & Ex. F, Dkt. No. 75-7). After being sworn, plaintiff declined to answer defense counsel's questions. Instead, he raised a series of "objections" to submitting to the deposition, most of which had been repeatedly raised and rejected by this court previously. (Ex. F at 5-27). Ultimately, plaintiff refused to continue with the proceeding unless defendants complied with certain "conditions" established by plaintiff, including (a) holding the action in abeyance for at least 60 days so that plaintiff could perfect his criminal appeal and (b) administering a polygraph examination to plaintiff, apparently during the deposition. (Ex. F at 18, 20-21).

Defense counsel arranged, with plaintiff's consent, to set up a conference call with this court to address plaintiff's refusal to proceed with his deposition. (Ex. F at 22, 27-28). Plaintiff repeated his objections to the deposition before this court, and moved again for the appointment of pro bono counsel and my recusal as the Magistrate Judge in the action. (Ex. F at 29-39). For the reasons noted in the transcript (Ex. F at 39-43), I again overruled plaintiff's various objections to proceeding with a deposition, and denied his motions for appointment of counsel and recusal. This court advised the plaintiff, *inter alia*,

> . . . [Y]ou have again, repeatedly made the same arguments over and over again to try to delay your deposition to try to have your deposition in the manner that's more convenient for you if that involved travel. I've considered those requests. We have adjourned the deposition several times. I had not imposed sanctions on you yet which I would have been allowed within my discretion to do, but the point is now, you are there.

> You are going to go forward with your deposition or you are going to face sanctions and a possible recommendation that your case be dismissed. You are a plaintiff in a civil lawsuit. You . . . have certain responsibilities to participate with discovery, but the defense counsel has properly noticed your deposition a number of times, so you basically have the choice to go forward with the deposition or to face sanctions.
>
> * * *
>
> I'm basically directing you to participate in this deposition or to face a motion for sanctions which will likely result in dismissal of your case.

(Ex. F. at 40-41, 42).

Plaintiff began to argue with my rulings (Ex. F at 43-46) and I terminated the call after stating:

> I am in charge of the management of this case and I'm telling you I'm not recusing myself. I am not appointing you a lawyer. I am directing you to participate in the deposition or face a motion for sanctions. . . . We have nothing further to discuss at this point.

(Ex. F at 45-46). After this court ended the call, plaintiff refused to submit to the deposition, stating: "If it—f*ck-um, I'm not doing this, period. . . . I'm not continuing this." (Ex. F at 46, 47). As noted above, this court granted defendants leave to submit a motion for sanctions and/or to dismiss for failure to prosecute (Dkt. No. 72), which the defendants filed on October 10, 2017 (Dkt. No. 75).[6]

On October 20, October 23, November 3, and November 22, 2017, and on January 3, February 6, and February 27, 2018, the plaintiff filed three complaints and four supplemental complaints with the U.S. Court of Appeals for the Second Circuit,

---

[6] As defense counsel documents in her motion papers, plaintiff also violated orders of this court that he refrain from using gratuitous, personally insulting, and crude remarks in his papers (*e.g.* Dkt. No. 49) and stop repeatedly filing duplicative requests for relief (*e.g.*, Dkt. No. 60). (Krasnokutski Affirmation ¶¶ 36-40). While this other misconduct confirms that plaintiff is an abusive litigant in virtually every sense of the phrase, the court relies only on plaintiff's misconduct with respect to his deposition in resolving the defense motion to dismiss.

accusing me, and one other District Judge, with judicial misconduct in connection with this action.  (5/1/2018 Opinion of Chief Judge Robert A. Katzman, Dkt. Nos. 17-90091-jm, 17-90092-jm, & 18-90013-jm, at 1).[7]  The various complaints against me alleged that I (a) was biased against the plaintiff and in favor of the defendant and defense counsel; (b) made numerous erroneous rulings related to discovery; (c) engaged in ex parte communications; (d) mis-characterized the facts of the case; (e) improperly construed or ignored requests in the plaintiff's filings; (f) improperly denied his request for recusal and appointment of counsel; and (g) during the September 2017 telephone conference, cut him off, refused to allow him to ask questions, and abruptly hung up. (*Id*. at 3).

By an opinion dated May 1, 2018, Chief Judge Katzman dismissed plaintiff's complaints of judicial misconduct.  Chief Judge Katzman found that most of plaintiff's allegations merely sought to challenge the correctness of my decisions and official actions in the underlying proceedings, and could not support a charge of misconduct because they were "directly related to the merits of a decision or procedural ruling." (*Id*. at 6-7, citing, *inter alia*, 28 U.S.C. § 352(b)(a)(A)(ii); Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rules 3(h)(3)(A) & (B)).  Chief Judge Katzman further found that plaintiff's allegation of bias against me "appear entirely derivative of the merits-related charges, but to the extent these allegations are separate, they are wholly unsupported, and are therefore dismissed as lacking sufficient evidence to raise an inference that misconduct occurred.'" (*Id*. at 7 (citing, *inter alia*, 28 U.S.C. §

---

[7] Chief Judge Katzman's opinion is attached hereto as Exhibit 1.  It also addresses plaintiff's allegations of misconduct against a third federal judge in connection with a different action.

352(b)(1)(A)(iii); Rule 11(c)(1)(D)).  Chief Judge Katzman further found:

> The allegations relating to the Magistrate Judge's hostility during the September 2017 telephone conference are belied by the transcript of that proceeding, which the [plaintiff] himself submitted . . . . [T]he Magistrate Judge allowed the [plaintiff] to speak at length, was patient and respectful, and addressed his requests.  Moreover, the Magistrate Judge stated explicitly that he had not "had any ex parte contacts with defense counsel," but explained that he had simply responded to certain of defense counsel's filings and that there had been delays in the [plaintiff] receiving some of the orders because he was incarcerated.

(*Id*. at 8).

I delayed consideration of the pending motions until the Second Circuit ruled on plaintiff's allegations of judicial misconduct.  According to the ethical rules applicable to federal judges, recusal is not necessary when a judicial misconduct complaint is filed "if a chief judge dismisses the complaint as frivolous, related to the merits, etc." *Guide to Judiciary Policy*, Vol. 2 (Ethics and Judicial Conduct), Part B (Ethics Advisory Opinions), Ch. 3 (Compendium of Selected Opinions), § 3.6-7.[8]  The delay in addressing the motions pending before me also allowed Judge McAvoy to address (and deny) plaintiff's motions for preliminary injunctive relief and for appointment of pro bono counsel.

## III.  Discovery Sanctions/Failure to Prosecute

### A.  Legal Standards

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party.  Fed. R. Civ. P. 37(d)(1)(A)(I).  Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to

---

[8] "If a judge cannot await a chief judge's dismissal, the judge should determine whether the complaint is frivolous, related to the merits, etc., and if so, recusal is not necessary."  *Id.*

dismiss an action for failure to comply with a discovery order.  The imposition of sanctions under Rule 37 is within the discretion of the district court, but the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990).  In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought.  *Id.*

Factors useful in deciding whether to dismiss an action under Rule 37 include "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences . . . .'"). *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (citations omitted).  Pro se litigants, though generally entitled to "special solicitude" before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders.  *Id.* at 302.  Dismissal of a pro se litigant's action may be appropriate "so long as a warning has been given that non-compliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal of an action may be appropriate if a plaintiff fails to prosecute his case diligently by refusing to participate meaningfully in a deposition.  *See, e.g., Watkins v. Marchese*, No. 13 CIV. 3267, 2015 WL 4605660, at *2-4, 10-15, 2015 U.S. Dist. LEXIS 100521 (S.D.N.Y. July 31, 2015); *Watkins v. Matarazzo*, 13 Civ. 2477, 2015 U.S. Dist. LEXIS 178636, at *18-31 (S.D.N.Y. Sept. 22, 2015) (Rep't-Rec.), *adopted*, 2016 WL 3351079, 2016 U.S. Dist. LEXIS 78546

(S.D.N.Y. Jun. 14, 2016).  In deciding whether to dismiss an action for failure to prosecute under Rule 41, the court should consider five factors: "'(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).  Of these factors, no particular one is dispositive. *Id*.

## B.    Analysis

Applying the various factors guiding the discretion of judges considering sanctions under Rules 37 and 41(b), the court concludes that plaintiff's refusal to submit to his deposition on September 15, 2017 warrants the dismissal of his action.  First, it is clear from plaintiff's course of conduct that his non-compliance with my explicit order to go forward with the deposition was willful and, ultimately, inexcusable.  Plaintiff argues that he had reasonable objections to traveling to attend his deposition on June 29 and August 16, 2017–broken ribs on June 21st that would make travel painful, and his anticipation of a parole recission hearing on August 15th or 16th.  (*See, e.g.*, Decl. Opposing Motion to Dismiss ¶ 120, Dkt. No. 99 at 37; Pl.'s Mem. of Law at 8, Dkt. No. 101 at 9).  This court accommodated some of plaintiff's objections–*e.g.*, by ordering or suggesting delays in rescheduling the deposition in light of plaintiff's injuries, his possible parole hearing, and his need to perfect his appeal.  However, as detailed above, plaintiff frequently stated many other objections to submitting to a deposition which this court repeatedly and explicitly stated were not valid justifications for refusing to be

deposed–(a) the court's failure to grant plaintiff the relief he requested because of the alleged misconduct of prior defense counsel in submitting plaintiff's January 7, 2017 letter to DOCCS security personnel, which ultimately resulted in disciplinary charges against plaintiff and delayed his parole recission hearing; (b) plaintiff's hope that he would be released on parole imminently, and then would be able to find counsel to represent him; (c) the court's refusal to grant plaintiff's motion for appointment of pro bono counsel; (d) this court's refusal to recuse myself; and (e) plaintiff's purported need to continue to focus on his unrelated criminal appeal, after the deadlines to do so were extended.[9]

Plaintiff suggests that he should not be sanctioned for refusing to be deposed because defense counsel and the court treated his purportedly-justified, first two refusals to travel for his deposition as "two strikes" against him.  (Decl. Opposing Motion to Dismiss ¶¶ 95, 119-123).  However, while the court has taken the plaintiff's course of conduct into account, he was not sanctioned by this court for his conduct between June and August 2017.  It was only after plaintiff refused the court's direct order to submit to a deposition on September 15, 2017, that this court granted defendants leave to move for sanctions and dismissal.

Plaintiff's conduct on September 15th, as reflected in the transcript quoted above, clearly demonstrates that plaintiff willfully disobeyed this court's order that he submit to a deposition.  Plaintiff had already traveled to the site of the rescheduled deposition, so the impact of his prior rib injury on his ability to travel was no longer an issue.  Nor was there any scheduling conflict between the deposition and a parole recission hearing.

---

[9] In his July 9, 2017 letter to the court, plaintiff stated that he was going to refuse his deposition anyway, regardless of his rib injury.  (Dkt. No. 47 at 4).

Plaintiff repeated various objections to his deposition that this court had repeatedly addressed and denied.  I explained again why the pendency of his motions for appointment of counsel and injunctive relief before Judge McAvoy did not preclude me from ordering him to submit to a deposition.  (Krasnokutski Affirmation, Ex. F at 40, 44-46; *see also* 7/14/2017 Text Order, Dkt. No. 49).[10]

In his Memorandum of Law, plaintiff claims that he was willing to submit to a deposition on September 15, 2017, but refused to do so only after this court "did your Clint Eastwood imitation and refused to even allow me to ask my 'one clarifying question' . . . ."  (Pl.'s Mem. of Law at 13, Dkt. No. 101 at 14).  Plaintiff's claim is utterly inconsistent with his statements on the record before and after this court was conferenced in.  Plaintiff doggedly persisted in objections to his deposition that were previously rejected by the court and set pre-conditions to his participation in the deposition that were completely unreasonable–*e.g.* his demand that he be deposed while on a polygraph machine.

Plaintiff also argues that his refusal to submit to a deposition on September 15th was, at worst, "simply based on misguided over-reliance on *Hodge v. Colon*, 802 F.2d 58," the Second Circuit case setting the standards for appointment of pro bono counsel to pro se civil litigants.  (Pl.'s Mem. of Law, Table of Contents, Dkt. No. 101 at 1). However, this court addressed plaintiff's motion for counsel, acknowledging and applying the *Hodge* standards, and explaining why counsel would not be appointed at that time.  (Krasnokutski Affirmation, Ex. F at 41-42).  On December 7, 2017, Judge

---

[10] As noted above, on October 2, 2017, Judge McAvoy denied plaintiff's motion for injunctive relief, refusing to issue an order prohibiting plaintiff's deposition until he was released from jail or provided with appointed counsel, and declining to remove me as the Magistrate Judge in this action.  (Dkt. No. 73).

McAvoy addressed plaintiff's prior motions for appointment of counsel and denied them on essentially the same grounds. (Dkt. No. 97 at 4-5, citing, *inter alia*, *Hodge*, 802 F.2d at 61)). In his infamous January 9, 2017 letter to prior defense counsel, plaintiff stated:

> . . . I can whip your ass through motion practice . . . and at trial. . . . I've done about ten (10) '83 actions, two (2) federal habeas corpuses, I'm doing my third pro se direct appeal, and I've done 3 trials (2 criminal, 1 civil) pro se. . . ."

(Dkt. No. 57-3 at 1). Plaintiff's substantial experience as a pro se litigant completely belies his claim that his refusal to submit to a deposition on September 15, 2017 was based on a good faith or "misguided over-reliance" on the legal standards for appointment of pro bono counsel.

With respect to the duration of the plaintiff's failure to comply with court orders, the event that triggered recommended sanctions was plaintiff's refusal to go forward with the rescheduled deposition on September 15, 2017. However, since March 2017, plaintiff has been advocating for postponing his deposition until he was released from prison based on, *inter alia*, the alleged misconduct of prior defense counsel. (*See* Dkt. No. 32). As detailed above, starting with my June 26, 2017 text order (Dkt. No. 41), plaintiff actively resisted my orders directing him to submit to a deposition, by incessantly making submissions asserting many of the same objections that were repeatedly rejected by this court. Plaintiff's pattern of evasion of this court's orders has prevented the completion of discovery for at least ten months. In addition, plaintiff's most recent filings indicate that his mission to delay discovery in this case continues. On February 4, 2018, plaintiff moved to stay proceedings in this action indefinitely because he needed to focus his attentions on the pro se defense of new state criminal

assault charges filed against him.  (Dkt. No. 111).

Plaintiff's misconduct has prejudiced the defendants, who continue to be tied up in this stalled litigation, and defense counsel who have been burdened with addressing plaintiff's abusive litigation tactics for more than a year.[11]  "Defendants cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded ."  *McDonald v. Fischer*, No. 9:08-CV-1036 (LEK/RFT), 2011 WL 6955846, at *5, 2011 U.S. Dist. LEXIS 151198 (N.D.N.Y. Nov. 9, 2011) (Rep't-Rec.), *adopted*, 2012 WL 28600, 2012 U.S. Dist. LEXIS 1230 (N.D.N.Y. Jan. 5, 2012).

Plaintiff's pattern of continually filing prolix submissions making the same arguments and seeking the same relief that has previously been denied has greatly impeded the court's efforts to manage this case efficiently.  Clearly, plaintiff has no basis to contend that he has not received a fair chance to be heard in this case.

As detailed above, plaintiff has been explicitly warned, on multiple occasions, that his continuing refusal to submit to a deposition could result in the imposition of sanctions, including the dismissal of his action.  Plaintiff, relying on *Baptiste v. Sommers*, 768 F.3d at 217-18, argues that the court failed to advise him about the "standard" by which his sanctionable conduct would be assessed.  However, the court in *Baptiste* denied a motion for sanctions because "the district court's orders did not provide clear guidance on how Baptiste could avoid dismissal."  *Id*. at 218.  Here, this court could not have been clearer in repeatedly warning plaintiff that if he did not go

---

[11] *See, e.g., Crawley v. Helas*, No. 09-CV-44 (LEK/DRH), 2010 WL 2545159, at *3, 2010 U.S. Dist. LEXIS 60692  (N.D.N.Y. May 25, 2010) (Rep't-Rec.), *adopted*, 2010 WL 2545152, 2010 U.S. Dist. LEXIS 60693 (N.D.N.Y. June 18, 2010) (defendants are prejudiced, *inter alia*, by Crawley's continued failures to submit to a deposition, their constant need to research and file correspondence and motions to address Crawley's persistent failures, and, to a lesser extent, the costs incurred by defendants in attending the deposition).

forward with his deposition, he faced likely dismissal of his action. (*See, e.g.*, Krasnokutski Affirmation, Ex. F. at 42) ("I'm basically directing you to participate in this deposition or to face a motion for sanctions which will likely result in dismissal of your case.").

The final standard for the court to consider is the possible efficacy of sanctions short of dismissal. Because he is an indigent inmate, monetary sanctions and the threat of contempt proceedings "would be empty gestures." *Crawley v. Helas*, 2010 WL 2545159, at *4. Staying the proceedings until plaintiff complies with court orders obviously would not be an effective sanction because the plaintiff wants to delay discovery and other proceedings. Restricting plaintiff's ability to support his claims, *e.g.*, with his testimony, would be "tantamount . . . to dismissal." *Id*. In any event, plaintiff has clearly demonstrated in this case that he will not follow court orders whenever he disagrees with them. No sanction short of dismissal would be effective or appropriate. *See, e.g., Id.* at *4-5 ("dismissal of the action affords the only reasonable method of addressing Crawley's repeated and ongoing failures to fulfill his obligations to cooperate in discovery"); *Zinnamon v. Outstanding Bus Co.*, No. 08-CV-1786, 08-CV-1787, 2009 WL 3048722, at *5, 2009 U.S. Dist. LEXIS 87231 (E.D.N.Y. Aug. 31, 2009) (Rep't-Rec.), *adopted*, 2009 U.S. Dist. LEXIS 87350 (E.D.N.Y. Sept. 23, 2009) ("The interest of justice is not served by giving plaintiffs unlimited chances to obey the Court's orders and defendant should not be forced to bear further costs of litigating these actions.").

## IV.    Rule 11 Sanctions

### A.    Applicable Law

Rule 11(b) provides in pertinent part that, by presenting a document to the court,

21

the attorney filing the document

> is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1), (2), and (3).

"Sanctions may be–but need not be–imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). The question is whether the document challenged is objectively unreasonable. *See Storey v. Cello Holdings, LLC*, 347 F.3d 370, 387 (2d Cir. 2003). With regard to factual contentions, "sanctions may not be imposed unless a particular allegation is utterly lacking in support." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996). As to legal arguments, "[m]erely incorrect legal statements are not sanctionable under Rule 11(b)(2). *Storey*, 347 F.3d at 391.

**B.    Analysis**

To the extent plaintiff is seeking to sanction prior defense counsel for submitting plaintiff's January 9, 2017 letter to DOCCS security officials for possible disciplinary

action (*see* plaintiff's submission dated 11/25/2017 at 3-7, Dkt. No. 100), that conduct does not involve submitting a document to the court, and thus would not appear to come within the ambit of Rule 11.  In any event, while plaintiff claims that his letter did not reflect any **current** intention to threaten or intimidate the defendants (*see, e.g.,* Dkt. No. 30 at 2-3), the alarming language of the letter[12] certainly raised objectively reasonable concerns that a highly impulsive DOCCS inmate presented a risk of harm to the two defendant doctors who performed medical procedures at DOCCS facilities.  There is no support for plaintiff's contention that defense counsel acted with an improper purpose relating to this litigation in addressing plaintiff's January 9, 2017 letter.

It appears plaintiff is also seeking sanctions against current defense counsel for filing the pending motion to dismiss.  (Dkt. No. 100 at 7).  However, the fact that this court is recommending that the defense motion be granted indicates that it is clearly not a frivolous motion as to which Rule 11 sanctions should apply.

Plaintiff also argues that current defense counsel has, in her papers, misrepresented plaintiff's submissions or made false factual statements to the court.  (Dkt. No. 100 at 7-10).  However, plaintiff's efforts to "spin" the relevant facts and the content of his prior submissions, are, at a minimum, subject to reasonable debate, and are often utterly implausible.[13]  Current defense counsel has demonstrated remarkable restraint in her advocacy in this action, given the frequency with which plaintiff has

---

[12] "Until a couple of months ago, I was fantasizing about torturing and killing both [defendants] Shapiro and Byler!  I used to chant 'I'm going to kill those mother fuckers!' every night for over 2 years! . . ."  (Dkt. No. 57-3 at 2).

[13] For example, notwithstanding the frequently intemperate, crude, and insulting rhetoric in his submissions, plaintiff makes the myopic assertion in his Memorandum of Law (Table of Contents, Dkt. No. 101 at 1) "that I have been a virtual model of restraint in [an] emotionally-charged case . . . ."

23

subjected her to highly insulting personal attacks in an incessant barrage of verbose and duplicative submissions.[14]   The content of defense counsel's filings with the court in this case was objectively reasonable and should not be subject to Rule 11 sanctions.[15]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendants' motion to dismiss and for sanctions (Dkt. No. 75) be **GRANTED**, and the plaintiff's complaint be **DISMISSED WITH PREJUDICE**, and, it is further

**RECOMMENDED**, that the plaintiff's motion for Rule 11 sanctions (Dkt. Nos. 100, 101) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk

---

[14] Chief Judge Dora Irizarry's comments in denying plaintiff's Rule 11 sanctions motion in another of his cases in the Eastern District of New York, *Bonano v. Staniszewsi* (Case No. 1:12CV5879), are applicable to plaintiff's motion in this case:

> Plaintiff['s] motion for sanctions is denied as meritless. Plaintiff's submissions consist of ad hominem attacks against Defendants and their counsel alongside arguments concerning factual disputes referenced in the summary judgment motion practice. Plaintiff's motion is beyond frivolous; it is emblematic of a pattern of reprehensible and inexcusable behavior that he has exhibited throughout the pendency of this litigation. If anybody should be sanctioned here, it is Plaintiff. . . .

(*Id.*, 9/22/2017 Text Order).

[15] One of defense counsel's submission, upon which plaintiff's sanction motion focused, was counsel's August 9, 2017 letter to the court. (*See* Dkt. No. 100 at 8-10).  In that letter, counsel stated that a DOCCS official advised her that, "as of today's date," plaintiff had unresolved disciplinary charges that would preclude him from appearing before the parole board later in August. (Dkt. No. 53).  On or about August 11th, plaintiff submitted documentation purporting to show that his last disciplinary charges had been resolved. (Dkt. No. 58 at 5). Plaintiff has not established, however, that defense counsel's letter was inaccurate when written, and he was able to correct the record promptly.  As noted above, plaintiff did not ultimately attend the August parole board hearing.  And, this court did not sanction plaintiff for his failure to attend the deposition that had been noticed in August 2017.  Even if defense counsel's August 9th letter was proven to be inaccurate by subsequent events, her reliance on currently available information from DOCCS sources in an expedited response to yet another last-minute request from plaintiff to delay his deposition, does not warrant the imposition of Rule 11 sanctions.

of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  June 7, 2018

**Hon. Andrew T. Baxter**
**U.S. Magistrate Judge**

25