UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL BONANO,

                              Plaintiff,

   vs.                                              9:16-CV-844
                                                        (TJM-ATB)

DR. OLEG SHAPIRO, et al.,

                              Defendants.

_____

Thomas J. McAvoy,
United States District Judge

## DECISION & ORDER

    This action, brought pursuant to 42 U.S.C. § 1983, alleges that Defendants, who are physicians, violated Plaintiff's Eighth Amendment rights in their surgical treatment of him. The Court referred the case to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

    Magistrate Judge Baxter's Report-Recommendation, dated June 7, 2018, recommended that the Court grant Defendants' motion to dismiss and for sanctions. Magistrate Judge Baxter found that Plaintiff's repeated and willful failure to comply with Court orders to sit for his deposition had prejudiced the Defendants. Magistrate Judge Baxter also found that no other sanction would be effective. Plaintiff's conduct, Magistrate

1

Judge Baxter concluded, warranted dismissal of the action under Federal Rules of Civil Procedure 37 and 41(b). Magistrate Judge Baxter also recommended that Plaintiff's motions for sanctions be denied.

Plaintiff filed timely objections to the Report-Recommendation. When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in the Plaintiffs' objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Baxter for the reasons stated in the Report-Recommendation. Plaintiff's obdurate refusal to submit to a deposition, his refusal to comply with numerous other court orders, and the prejudice his delays have caused the Defendants justify this sanction. No lesser sanction would be effective.

Plaintiff also moves the undersigned Judge to recuse himself from the case. He argues that the Court has shown prejudice and bias on the basis of Plaintiff's race and his status. Under federal law, "[a] judge is required to recuse [him]self from 'any proceeding in which h[is] impartiality might reasonably be questioned.'" SEC v. Razmilovic, 738 F.3d 14, 31 (2d Cir. 2013) (quoting 28 U.S.C. § 455(a)). Recusal is examined under an "objective" standard: "the question is whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question

the court's impartiality." Id. A disqualifying prejudice is one that "'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge has learned from his participation in the case.'" Id. (quoting In re International Business Machines Corp., 618 F.2d 923, 927 (2d Cir. 1980)). As such, "recusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration effort, and ordinary admonishments to counsel and to witnesses' where the conduct occurs during judicial proceedings and where the judge 'neither relies [u]pon knowledge acquired outside proceedings nor (2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'" Id. at 29-30 (quoting IBM, 618 F.3d at 556).

After examining the bases for recusal the Plaintiff offers, the Court will deny Plaintiff's motion. At their essence, Plaintiff's complaints are that the Court ruled against him unfairly. He points to no basis for recusal independent of the Court's rulings. Instead, he argues that only prejudice could have caused the Court to rule in the way the Court did on certain matters. Such complaints are not grounds for recusal, but for appeal. No reasonable person could question the Court's impartiality in this matter. The Court will deny the motion to recuse.

It is therefore **ORDERED** that Plaintiff's objections to the Report-Recommendation of Magistrate Judge Baxter, dkt. #s 118, 119, are hereby OVERRULED. The Report-Recommendation, dkt. # 114, is hereby ACCEPTED and ADOPTED, and:

1. The Defendants' motion to dismiss for lack of prosecution and for sanctions, dkt. # 75, is hereby GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE;

3

2. Plaintiff's motions for Rule 11 sanctions, dkt. #s 100, 101 are hereby DENIED;

3. Plaintiff's motion for recusal, dkt. # 126, is hereby DENIED; and

4. The Clerk of Court is directed to CLOSE the case.

**IT IS SO ORDERED.**

Dated: September 26, 2018

Thomas J. McAvoy
Senior, U.S. District Judge